# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THERESA SIMS

## DEFENDANTS
HARCUM COLLEGE

**(b)** County of Residence of First Listed Plaintiff: **DELAWARE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103　215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE: 11/16/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire
Digitally signed by Sidney L. Gold, Esquire
Date: 2021.11.16 10:32:16 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 105 S. Pennock Avenue, Upper Darby, PA 19082

Address of Defendant: 750 Montgomery Avenue, Bryn Mawr, PA 19010

Place of Accident, Incident or Transaction: 750 Montgomery Avenue, Bryn Mawr, PA 19010

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/16/2021    /s/ Sidney L. Gold, Esq.    21374
          Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 11/16/2021    /s/ Sidney L. Gold, Esq.    21374
          Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| THERESA SIMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HARCUM COLLEGE | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                 (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                 (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                 (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| | | |
|---|---|---|
| 11/16/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

    (a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA SIMS, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| v. | : | |
| HARCUM COLLEGE, | : | |
| *Defendant.* | : | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, Theresa Sims ("Plaintiff Sims"), a former employee of the Defendant, Harcum College ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2. This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

II. **JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Sims' claims are substantively based on both the FMLA and the ADA, and a substantial part of the events giving rise to Plaintiff Sims' claims occurred within this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Sims' claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Sims has satisfied all jurisdictional prerequisites to the maintenance of this action. On August 23, 2021, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

### III.   PARTIES:

6. Plaintiff, Theresa Sims ("Plaintiff Sims"), is a sixty-three (63) year old female citizen of the Commonwealth of Pennsylvania, residing therein at 105 S. Pennock Avenue, Upper Darby, PA 19082.

7. Defendant, Harcum College ("Defendant"), was and is now an employer maintaining a place of business at 750 Montgomery Avenue, Bryn Mawr, PA 19010.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the FMLA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

### IV.   STATEMENT OF CLAIMS

10. Plaintiff Sims, a sixty-two (62) year old female, was employed by The Defendant from on or about March 18, 2003 until on or about December 6, 2019, the date of her unlawful termination.

11. Throughout her tenure of employment, Plaintiff Sims held the position of Administrative Assistant, Dental Programs Clinic Manager and all times relevant hereto maintained a satisfactory job performance rating in said capacity.

12. By way of background, in or about June of 2016, Plaintiff Sims was diagnosed with Muir-Torre with Lynch Syndrome, a rare hereditary cancer syndrome that makes Plaintiff Sims prone to developing certain types of cancers. Said medical condition constitutes a disability withing the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), in that it substantially impairs one or more of Plaintiff Sims' major life activities, including, but not limited to, normal cell growth.

13. At all times material herein, The Defendant was aware of Plaintiff Sims' disability and perceived her to be disabled.

14. In or about June of 2019, as a result of unusual symptoms, Plaintiff Sims' physician ordered her to undergo a CT scan. Plaintiff Sims' physician ordered additional testing, and Plaintiff underwent a PET scan on or about July 24, 2019.

15. On or about August 19, 2019, Plaintiff Sims was diagnosed with Transitional Cell Carcinoma. Said medical condition constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff Sims' major life activities, including, but not limited to, normal cell growth.

16. In connection thereto, Plaintiff Sims' physician recommended that Plaintiff Sims undergo surgery to remove her right kidney and ureter. Plaintiff Sims additionally required a foley catheter for ten (10) days following her surgery.

17. Plaintiff Sims promptly notified her supervisor, Jean Byrnes-Ziegler ("Byrnes-Ziegler"), Program Director of Dental Hygiene, of her diagnosis and informed Brynes-Ziegler that she was scheduled to undergo surgery on or about September 3, 2019.

18. Thereafter, on or about August 29, 2019, Plaintiff Sims sent an email to Kimberlynn Brown-Trent ("Brown-Trent"), Human Resources, notifying her that she was scheduled to undergo surgery on or about September 3, 2019 and requested a medical leave of absence pursuant to the Family and Medical Leave Act ("FMLA") as a reasonable accommodation for her disability. The Defendant approved Plaintiff Sims' request for leave, and Plaintiff Sims was initially scheduled to return to work on or about October 15, 2019.

19. On or about September 16, 2019, Plaintiff Sims attended a post-op appointment with her physician. During the said appointment, Plaintiff Sims' physician informed her that she would be required to undergo chemotherapy treatment.

20. On or about October 1, 2019, Plaintiff Sims attended an appointment with her oncologist who confirmed that she would have to undergo four (4) cycles of chemotherapy treatment over a twelve-week span. On or about October 3, 2019, Plaintiff Sims notified Brown-Trent that she now required chemotherapy and would keep The Defendant updated. Plaintiff Sims commenced chemotherapy on or about October 11, 2019.

21. Due to side-effects as a result of chemotherapy, on or about October 14, 2019, Plaintiff Sims sent an email to Brown-Trent advising her that she would not be able return to work as scheduled on or about October 15, 2019 and requested an extension of her medical leave of absence as a reasonable accommodation for her disability.

22. On or about October 30, 2019, Plaintiff Sims sent an email to Brown-Trent informing her that she would have to remain on a medical leave of absence until her

chemotherapy treatments were completed. Plaintiff Sims further inquired how much remaining time she had for FMLA leave.

23. On or about November 13, 2019, Plaintiff Sims sent a follow-up email to Brown-Trent, as she had failed to respond to Plaintiff Sims' October 30th email. That day, Brown-Trent informed Plaintiff Sims that she would fully exhaust her FMLA leave on or about November 25, 2019.

24. On or about November 19, 2019, Plaintiff Sims telephoned Brown-Trent to request an extension of her medical leave of absence until January 2, 2020 as a reasonable accommodation for her disability. In connection thereto, on said date, Plaintiff Sims submitted a note from her physician stating that she would be able to return to work on or about January 2, 2020 when her chemotherapy was completed.

25. The Defendant failed to acknowledge or respond to Plaintiff Sims' request for an extension of her medical leave of absence, thereby failing to engage in the interactive process.

26. As a result thereof, on or about November 26, 2019, Plaintiff Sims sent an email to Brown-Trent inquiring as to the status of her request for a reasonable accommodation for her disability. Brown-Trent advised her that she was looking into long-term disability options for Plaintiff Sims.

27. On or about December 2, 2019, Hunt Bartine ("Bartine"), Executive Director of Human Resources, sent Plaintiff Sims an email requesting a telephone conference.

28. The next day, on or about December 3, 2019, Bartine telephoned Plaintiff Sims. During the said telephone call, Plaintiff Sims asked Bartine if Brown-Trent had informed him that she had requested an extension of her medical leave of absence as a reasonable accommodation for her disability until on or about January 2, 2020. Bartine told Plaintiff Sims

that Brown-Trent had not informed him of her request and that he thought she was not returning to work.  Plaintiff Sims emphatically stated that she planned to return to work, but required a brief extension of her medical leave until January 2nd.

29.     On or about December 6, 2019, The Defendant abruptly terminated Plaintiff Sims' employment.  In a blatant act of discrimination, The Defendant terminated Plaintiff Sims' employment due to Plaintiff Sims' "inability to return to active employment and resultant job abandonment."

30.     On or about December 9, 2019, Plaintiff Sims received a termination letter via email.  Upon receiving the same, Plaintiff Sims promptly called Bartine to register a complaint of disability discrimination regarding her termination.  Further, Plaintiff Sims asked if there was anything she could do to return to her employment on January 2, 2020 as her physician had recommended.  In further discrimination and retaliation, Bartine responded that Julia Ingersoll ("Ingersoll"), Executive Vice President, "thought it was best" that Plaintiff Sims be terminated.

31.     Plaintiff Sims believes and avers that no legitimate business reason existed for her termination, and that The Defendant terminated her employment based on her actual and/or perceived disability and/or record of impairment (Muir-Torre with Lynch Syndrome; Transitional Cell Carcinoma) and/or in retaliation for requesting a reasonable accommodation for her disability and/or for exercising her rights pursuant to the Family and Medical Leave Act.

**COUNT I**
**(Violation of the FMLA – Retaliation)**
**Plaintiff Sims vs. the Defendant**

32.     Plaintiff Sims incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

33.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Sims for exercising her statutory rights pursuant to the FMLA, constitute a violation of the FMLA.

34.     As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Sims has sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

35.     By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Sims is entitled to liquidated damages, which she hereby claims of the Defendant.

### COUNT II
**(Violations of the ADA – Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process)**
**Plaintiff Sims vs. the Defendant**

36.     Plaintiff Sims incorporates by reference paragraphs 1 through 35 of this Complaint as though fully set forth at length herein.

37.     The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Sims to unlawful discrimination on the basis of her actual and/or perceived disabilities and/or record of impairments (Muir-Torre with Lynch Syndrome; Transitional Cell Carcinoma), failing to accommodate Plaintiff Sims, and failing to engage in the interactive process with Plaintiff Sims, constitute violations of the ADA.

38.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Sims sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

39. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Sims suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (Violation of the ADA – Retaliation)
### Plaintiff Sims vs. the Defendant

40. Plaintiff Sims incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

41. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Sims for requesting a reasonable accommodation, constitute a violation of the ADA.

42. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Sims sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

43. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Sims suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT IV
### (Violations of the PHRA – Disability Discrimination, Failure to Accommodate, And Failure to Engage in the Interactive Process)
### Plaintiff Sims vs. the Defendant

44. Plaintiff Sims incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

45. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Sims to unlawful discrimination on the basis of her actual and/or perceived

disabilities and/or record of impairments (Muir-Torre with Lynch Syndrome; Transitional Cell Carcinoma), failing to accommodate Plaintiff Sims, and failing to engage in the interactive process with Plaintiff Sims, constitute violations of the PHRA.

46. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Sims sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

47. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Sims suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT V**
**(Violation of the PHRA – Retaliation)**
**Plaintiff Sims vs. the Defendant**

48. Plaintiff Sims incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

49. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Sims for requesting a reasonable accommodation, constitute a violation of the PHRA.

50. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Sims sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

51. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Sims suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

52. Plaintiff Sims incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Sims respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

a. A declaratory judgment that the Defendant has violated Plaintiff Sims' rights pursuant to the aforesaid causes of action;

b. Defendant compensate Plaintiff Sims for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

c. Defendant compensate Plaintiff Sims with an award of front pay, if appropriate;

d. Defendant pay to Plaintiff Sims liquidated damages, as allowable under the FMLA.

e. Defendant pay to Plaintiff Sims compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

f. Defendant pay to Plaintiff Sims punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

g. Defendant pay to Plaintiff Sims such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Sims demands a trial by jury.

        SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/Sidney L. Gold, Esquire
       SIDNEY L. GOLD, ESQUIRE
       I.D. NO.: 21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorneys for Plaintiff**

Dated:  November 16, 2021

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11-11-21

_____
THERESA SIMS, PLAINTIFF